IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| SIR K'VAUGHN KEYES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:25-cv-140-WLS-ALS |
| | : | |
| VALDOSTA STATE PRISON, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Pending before the Court is a document that *pro se* Plaintiff Sir K'Vaughn Keyes, a prisoner currently confined at Valdosta State Prison in Valdosta, Georgia, filed in the United States District Court for the Northern District of Georgia. (Doc. 1). That court determined that Plaintiff is seeking relief pursuant to 42 U.S.C. § 1983 and transferred the action to this Court. (Docs. 2, 3). For the following reasons, Plaintiff must (1) either pay the Court's filing fee in full or submit a proper and complete motion for leave to proceed *in forma pauperis* ("IFP") and (2) recast his complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims.

**MOTION TO PROCEED IFP**

Plaintiff has not paid the required $405.00 filing fee in this case or moved for leave to proceed IFP. A prisoner proceeding IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff is, therefore, **ORDERED** to either pay the Court's $405.00 filing fee in full or submit a proper and complete motion to proceed without the prepayment of the filing

fee, which should include a certified copy of his trust fund account statement. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to comply.

## ORDER TO RECAST COMPLAINT

Plaintiff is also **ORDERED** to recast his complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff should be aware that to any extent he seeks to name Valdosta State Prison as a defendant, the prison is an arm of the State and, therefore, has Eleventh Amendment immunity. *See Cainion v. Valdosta State Prison*, No. 7:15-CV-174 (HL), 2017 WL 1632875, at *3 (M.D. Ga. Apr. 28, 2017) (citations omitted). Additionally, the prison is not a legal entity subject to suit. *Id.* (citations omitted). Thus, Plaintiff should refrain from naming Valdosta State Prison as a defendant in his recast complaint. Instead, Plaintiff must name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how each individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form, answering each question fully and truthfully.

Plaintiff's recast complaint **will take the place of and supersede all allegations made in the original pleading**. (Doc. 1). The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he

wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

## CONCLUSION

For the reasons discussed above, Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) either pay the $405.00 filing fee in full or submit a proper and complete motion for leave to proceed IFP in this action <u>and</u> (2) file a recast complaint with the Clerk of Court. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address and his failure to do so may result in the dismissal of this action. The Clerk of Court is **DIRECTED** to forward to Plaintiff the necessary IFP documents and the Court's standard § 1983 form, all showing Plaintiff's civil action number. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 1st day of December, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE